[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re Defendant's Motion for Summary Judgment(No. 116)
CT Page 1746-a
The issue presented in this motion for summary judgment is an employer's liability in a common law tort action for an assault by one employee on another. For the reasons briefly stated below, the employer in this case is not liable on the facts submitted here.
The affidavits submitted to the court show that on May 21, 1994, the plaintiff, Brian Beckwith ("Beckwith"), and the defendant, David Brown ("Brown"), were salesmen employed by the codefendant, A-1 Auto Service, Inc. ("A-1"). On that date, Brown assaulted Beckwith by beating him outside the A-1 showroom. The documents further show that A-1 was aware of Brown's aggressive and harassing behavior toward Beckwith prior to the actual assault. There is, however, no evidence that A-1 commanded or expressly authorized the assault.
Beckwith commenced this action against Brown and A-1 in 1996. The allegations in his complaint directed against Brown are not now before the court. The counts of his complaint directed against A-1 allege both wilful and malicious conduct and intentional infliction of emotional distress. A-1 filed the motion for summary judgment now before the court on February 2, 1998. The motion was heard on June 22, 1998.
The law governing Beckwith's claim against A-1 is well established. In Perille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529, 494 A.2d 555 (1985), our Supreme Court explained that, under our Workers' Compensation Act, an employer is not liable in an action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment.Perille, like the present case, involved an assault by one employee on another. As in the present case, previous assaultive incidents were brought to the attention of a supervisor, but the supervisor did nothing to stop them. Perille holds that such inaction in the face of knowledge provides an inadequate basis to impose liability on the employer. Liability cannot be imposed on the employer "[u]nless the employer has commanded or expressly authorized the assault." 196Conn. at 535. (Internal quotation marks and citations omitted.)
The evidence submitted in connection with the motion now before the court establishes that, in this case as in Perille, CT Page 1747 there is no basis for establishing liability. There is no evidence of either a command or an express authorization. We do not even have a modern day equivalent of the remark that Henry II famously made with respect to Thomas a Becket, "Who will free me from this turbulent priest?" We have, at most inaction in the face of knowledge. Perille squarely holds that such inaction does not provide a basis for liability.
The motion for summary judgment is granted.
Blue, J.